IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. _____ |
| v. | § | |
| | § | JURY DEMANDED |
| FEDEX OFFICE AND PRINT | § | |
| SERVICES, INC. | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff ColorQuick, L.L.C. brings this action for patent infringement against Defendant Fedex Office And Print Services, Inc., and alleges as follows:

### I.     THE PARTIES

1.     Plaintiff ColorQuick, L.L.C. is a New Jersey limited liability company having a principal place of business at 9100 Pennsauken Highway, Pennsauken, New Jersey 08110.

2.     Upon information and belief, Defendant Fedex Office And Print Services, Inc. is a Texas corporation having a principle place of business at 13155 Noel Road, Suite 1600, Dallas, Texas 75240, where it may be served.

### II.     JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

4.      Personal jurisdiction exists generally over Defendant because Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over the Defendant because of its conduct in making, using, selling, offering to sell, and/or importing products manufactured by an infringing process within the State of Texas and within the Eastern District of Texas.

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d).

### III.     PATENT INFRINGEMENT

6.      Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 6,839,149 ("the '149 Patent"), which duly and legally issued on January 4, 2005.

7.      The '149 Patent describes and claims methods and apparatuses for preparation of production data for a print job using a still image proxy of a page description language image file.  A true and correct copy of the '149 Patent is attached hereto as Exhibit A.

8.      The '149 Patent is valid and enforceable.  35 U.S.C. § 287 has been satisfied.

9.      Defendant has been infringing the '149 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products and/or processes that fall within the scope of the claims of the '149 Patent including, but not limited to, digital print services through its Design & Print Center on its website at http://www.fedex.com/us/office/index.html.

10.      By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products manufactured by a process that falls within the scope of the claims of the '149 Patent, Defendant has also induced infringement of the '149 Patent under 35

U.S.C. § 271(b), and have contributed to the infringement of the '149 Patent under 35 U.S.C. § 271(c).  The infringing products have no substantial non-infringing uses.

11.   As a direct and proximate result of Defendant's acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

12.   Plaintiff has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from their unlawful infringement of the '149 Patent, Plaintiff will suffer irreparable harm.

## IV.   PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in its favor and against Defendant Fedex Office and Print Services, Inc. and that the Court grant the following relief to Plaintiff:

A.   Declare that the '149 Patent is valid and enforceable;

B.   Declare that Defendant has infringed the '149 Patent;

C.   Award damages to Plaintiff to which it is entitled for patent infringement;

D.   Enter a preliminary and thereafter a permanent injunction against Defendant's direct infringement of the '149 Patent;

E.   Enter a preliminary and thereafter a permanent injunction against Defendant's active inducements of infringement and/or contributory infringements of the '149 Patent by others;

F.   Award interest on Plaintiff's damages; and

G.    Such other relief as the Court deems just and proper.

## V.   JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

Dated: December 30, 2009.                Respectfully submitted,


   */s/ Alfonso Garcia Chan*
Alfonso Garcia Chan, Attorney-in-Charge
State Bar No. 24012408
achan@shorechan.com
Michael W. Shore
State Bar No. 18294915
shore@shorechan.com
Justin B. Kimble
State Bar No. 24036909
jkimble@shorechan.com
**SHORE CHAN BRAGALONE  LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.